James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL INSURANCE COMPANY a/s/o Golden
Hill Ingredients LLC,

        Plaintiff,

    - against -

PEGASUS MARITIME, INC., and MSC
MEDITERRANEAN SHIPPING COMPANY, S.A.,

        Defendants.
------------------------------------------------------------X

ECF FILE

18 Civ.

**COMPLAINT**

Plaintiff, FEDERAL INSURANCE COMPANY a/s/o Golden Hill Ingredients LLC, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint against the Defendants, alleges upon information and belief as follows:

## **JURISDICTION**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the MSC bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this district.

## **PARTIES**

2. At all material times, Federal Insurance Company (hereinafter "FIC" or "Plaintiff") was and is a corporation with an office and place of business located at 15

Mountainview Road, Warren, New Jersey 07059, and is the subrogated underwriter of the consignment of 882 cartons of dehydrated onions, as more specifically described below.

3. At all material times, defendant, PEGASUS MARITIME, INC. (hereinafter "Defendant" or "PEGASUS") was and is a corporation with an office and place of business located 250 W 39th Street, New York, NY 10018 and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel owning common carrier of goods for hire.

4. At all material times, defendant, MSC MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located c/o MSC Mediterranean Shipping Company (USA) Inc. 420, 5th Avenue (at 37th Street) 8th Floor, New York, NY 10018-2702 and at all relevant times was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about September 30, 2017, the cargo shipper, A&F DEHY FOODS, and/or its agents, contracted with PEGASUS to transport a consignment of 882 cartons of dehydrated onions from Mundra, India, to New Orleans, LA. PEGASUS, in turn, contracted with MSC to perform the actual ocean transit of the consignment of 882 cartons of dehydrated onions from Mundra, India, to New Orleans, LA.

7. On or before September 30, 2017, a consignment consisting of 882 cartons of dehydrated onions, then being in good order and condition, were loaded into an ocean shipping container that had been provided by PEGASUS and MSC, namely SEGU6234915, after which time a high security seal number FJ00040297 was affixed to secure the container doors. On or about September 30, 2017, the container of 882 cartons of dehydrated onions was delivered into the custody and control of PEGASUS and MSC, and/or their respective agents, in Mundra, India, for transportation to New Orleans, LA.

8. The transportation of the aforementioned consignment was all arranged in consideration of an agreed upon freight, and pursuant to PEGASUS bill of lading number PGSM-NSP-NEO-41462, dated 30 Sep. 2017 and pursuant to MSC bill of lading numbered MSCUUG134556, dated 30 Sep. 2017, all of which relate to the 882 cartons of dehydrated onions loaded into the ocean shipping container numbered SEGU6234915.

9. Thereafter, on or about September 30, 2017, the aforementioned ocean shipping container numbered SEGU6234915 was loaded aboard the M/V MSC ALBANY and thereafter the aforementioned vessel departed Mundra, India, for her intended destination.

10. On or about November 20, 2017, the aforementioned ocean shipping container numbered SEGU6234915 aboard the M/V MSC ALBANY arrived in New Orleans, LA, and was discharged and subsequently delivered to the consignee, Golden Hill Ingredients LLC.

11. When the aforementioned container was delivered the cargo in said container was found to be short 210 cartons out of 882 cartons shipped and the original high security seal numbered FJ00040297 was missing.

12. The shortage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault,

3

neglect, breach of contract of carriage and breach of bailment on the part of the Defendants and/or their respective agents.

13. As a result of the foregoing, Golden Hill Ingredients LLC suffered a loss in the amount of $12,285.00, no part of which has been paid, despite due demand.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Golden Hill Ingredients LLC and FIC, which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between Golden Hill Ingredients LLC and FIC, monies have been expended on behalf of Golden Hill Ingredients LLC to the detriment of FIC due to the damages sustained during transit.

16. As FIC has sustained damages as the result of said expenditures, expenditures rightly the responsibility of defendant, FIC has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

17. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $12,285.00.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

18. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. Pursuant to the contract entered into between the parties, the Defendants owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver

the Plaintiff's cargo in the same good order and condition as at the time said Defendants first accepted custody and control of the goods.

20. The Defendants breached their contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

21. As a direct and proximate result of said breach of contract by Defendants, the Plaintiff has suffered damages in the amount presently estimated to be no less than $12,285.00.

22. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $12,285.00.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

23. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. Pursuant to their obligations as bailees for hire of the Plaintiff's cargo, the defendants owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

25. The defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

26. As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $12,285.00.

27. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $12,285.00.

### AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

28. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29. The Defendants owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

30. The Defendants breached and were negligent in exercising their duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants first accepted custody and control of the goods.

31. As a direct and proximate result of the negligence by the Defendants, the Plaintiff has suffered damages in the approximate amount of $12,285.00.

32. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $12,285.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $12,285.00, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 11, 2018
115-1493

                                              CASEY & BARNETT, LLC
                                              Attorneys for Plaintiff

                               By: _____
                                              James P. Krauzlis
                                              305 Broadway, Ste 1202
                                              New York, New York 10007
                                              (212) 286-0225